UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWIGHT HARGIS,<br><br>     Plaintiff,<br><br>   v.<br><br>AMERICAN OPTICAL CORPORATION, FLEXO PRODUCTS, INC., MINE SAFETY APPLIANCES COMPANY, and 3M COMPANY, a/k/a, f/k/a MINNESOTA MINING AND MANUFACTURING,<br><br>     Defendants. | Case No. 06-cv-862-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter comes before the Court on motions to dismiss (Docs. 4, 11) filed by defendant 3M Company (3M) and defendant American Optical Corporation (American Optical). The plaintiff, Dwight Hargis (Hargis), has responded to defendants' motions (Docs. 24, 25). For the following reasons, these motions will be **DENIED**.[1]

**I.    Introduction**

Hargis filed this action in the Circuit Court for the Twentieth Judicial Circuit, Randolph County, Illinois on September 22, 2006, asserting claims for negligence and strict liability against all defendants. 3M removed this action with the consent of the defendants that had then been served, American Optical and Mine Safety Appliances Co., on November 6, 2006. (Doc.

---

[1] Counsel for Hargis filed this case in state court the same day he filed *Simon v. American Optical Corp.*, No. 06-861-JPG (S.D. Ill. 2006). The defendants in the cases are the same and the complaints are identical except for a few minor details. Owing to this similarity, the parties' briefs in both cases are verbatim save the names. The Court has adopted the pattern and as such, this Memorandum and Order mirrors that issued today in *Simon*.

3). The day it removed the case, 3M moved to dismiss the complaint. Eight days later, American Optical filed its motion to dismiss.

Hargis worked as a coal miner at the Ziegler/Old Ben Coal Mine in Coulterville, Illinois from 1975 to September 24, 2004. His employer provided him with "respiratory protection products" that "were designed, manufactured, marketed, promoted, distributed and/or sold by," as relevant to these motions, 3M and American Optical. (Compl. Ct. 1, ¶¶3, 4). Despite his use of these products, Hargis "was exposed to, and inhaled, ingested or otherwise absorbed coal, rock, sand or other particulate dust." (Compl. Ct. 1, ¶9). His exposure to these materials caused him "to develop a coal mining respiratory disease." (*Id.*).

**II.     Standard**

When reviewing a Rule 12(b)(6) motion to dismiss, this Court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir. 2005); *Holman v. Indiana*, 211 F.3d 399, 402 (7th Cir. 2000). It should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff cannot prove his claim under any set of facts consistent with the complaint. *McDonald v. Household Intern., Inc.*, 425 F.3d 424, 428 (7th Cir. 2005). A motion to dismiss should not be granted merely because the complaint is vague or lacking in detail, so long as it pleads "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). A plaintiff can, however, plead himself out of court by including allegations of fact in the complaint which demonstrate he is not entitled to relief. *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).

**III.    Analysis**

    **A.     3M's Motion**

      **i.**      **Statute of Limitations**

3M first argues that Hargis's claims are barred by the applicable statute of limitations, 735 ILCS 5/13-202, which requires those asserting tort claims for personal injury to file suit "within 2 years after the cause of action accrued." 735 ILCS 5/13-202. Generally, a cause of action for personal injury accrues when the plaintiff suffers the injury. *Hollander v. Brown*, 457 F.3d 688, 692 (7th Cir. 2006). In an effort to avoid the harsh consequences of a strict application of this rule, courts apply the discovery rule when an injury has an "insidious onset." *Id*. at 692-93. Under the discovery rule, the limitations period starts to run when the plaintiff "knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *See, e.g., Parks v. Kownacki*, 737 N.E.2d 287, 294 (Ill. 2000).

3M maintains that Hargis's failure to allege his specific condition, the date of diagnosis, or when he learned of the causal link between its actions and his injury means "there are [sic] no set of facts which would bring his suit within the relevant statute of limitations and his case must be dismissed." (3M's Mem. Supp. Mtn. Dis. at 3). To the contrary, however, any number of factual scenarios could justify relief consistent with the complaint. Suppose Hargis's doctor diagnosed pneumoconiosis on September 1, 2006. If Hargis could show that his particular strand of the disease had an insidious onset, then his filing of the complaint three weeks later would have been timely. Thus, it is clear 3M really complains of Hargis's failure to plead sufficient facts for it to determine whether his claims are time-barred. The Seventh Circuit has repeatedly held that a plaintiff does not have this obligation. *See, e.g., Hollander*, 457 F.3d at 691 n.1; *Doe v. GTE Corp.*, 347 F.3d 655, 657 (7th Cir. 2003). Basing a 12(b)(6) dismissal on an affirmative defense is only appropriate when the validity of the defense is apparent from the complaint itself "and unmistakable, so that the suit is fairly describable as frivolous." *Walker v. Thompson*, 288

F.3d 1005, 1010 (7th Cir. 2002). In the instant case, Hargis has not pleaded facts showing unmistakably that he cannot recover. Accordingly, this argument fails.

### ii. Failure to State a Claim, Count I

3M claims Hargis has failed to state a cause of action for negligence in Count I because he failed to plead the relevant standard of care, the nature of his injury, when his injury occurred or when he became aware of the causal connection between his injury and its conduct. To state a cause of action for negligence under Illinois law, a plaintiff must establish that the defendant owed him a duty, that the defendant breached that duty, and that he incurred injuries proximately caused by the breach. *Chandler v. Illinois Cent. R.R. Co.*, 798 N.E.2d 724, 728 (Ill. 2003). In his complaint, Hargis alleges that 3M had a "duty to exercise reasonable care and caution for [his safety] in [its] design, manufacture, sale, and marketing of [its] respiratory products." (Compl. Ct. 1, ¶7). He alleges that it breached that duty by

- a) failing to timely and adequately warn the plaintiff of the inadequacies of the respiratory protection products ability to protect the plaintiff from exposure to coal, rock, sand or other particulate dust; and/or

- b) failing to properly design, manufacture and/or market [its] products for safe use under conditions that were reasonably anticipated; and/or

- c) failing to properly test their products ability to protect workers from particulate dust before they were released for consumer use; . . .

(Comp. Ct. 1, ¶8). Continuing, he alleges, "as a direct and proximate result of" 3M's negligence he "was exposed to, and inhaled, ingested or otherwise absorbed coal, rock, sand or other particulate dust," causing him to incur an injury, "a coal mining respiratory disease." (Compl. Ct. 1, ¶9). Though Hargis is not required by federal pleading rules to plead facts corresponding to each element of his claim, he has done so. *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006). Nevertheless, 3M insists that he should have included more.

Federal courts focus on the pleading of claims, not the pleading of facts. *Hutchinson v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). For this reason, the Seventh Circuit Court of Appeals has recently observed that any defendant "tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law requires a complaint to contain that allegation?" *Kolupa*, 438 F.3d at 714-15; *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir.2005). 3M has supported its argument that more facts are needed with nothing more than a general citation to the prima facie case for a products liability negligence action in Illinois. It has provided no support for its claim that the federal rules require anything more on the standard of care than Hargis has already pleaded or its claim that Hargis must plead anything more as to the precise nature of his injury. The same is true for his failure to specify when he became aware of the causal connection between 3M's activities and his injury.[2] The Court rejects out of hand the notion that Hargis has not pleaded that he wore one of 3M's respirators; he plainly does. (Compl. Ct. 1, ¶4).

Despite the paltry support 3M has offered for its arguments, it hints at one potential problem with the complaint – Hargis's failure to identify what respiratory products he actually used. Hargis has not alleged anything more than that he used products that were designed, manufactured or distributed by the defendants. If 3M manufactures 60 different types of respirators, then the complaint hardly provides a foundation from which 3M can begin to defend this action. If it manufactures one basic model and has done so for the last 20 years, 3M could not rightly claim that it is not on notice of Hargis's claim. The same goes for the alleged defect. If 3M manufactures, distributes and markets one respirator that purports to protect against

---

[2] This argument also fails for the same reasons the Court gave with respect to its arguments on the statute of limitations.

particulate matter but does not, it cannot be fatal, at this point, that Hargis has not been more specific. As the last sentence illustrates, the Court can "hypothesize a set of facts, consistent with the complaint, that would entitle" Hargis to relief. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). Accordingly, the Court finds that 3M has not met its burden of demonstrating that this claim must be dismissed. *See Yeksigian v. Nappi*, 900 F.2d 101, 104-05 (7th Cir. 1990).

### iii. Failure to State a Claim, Count II

3M contends that Hargis has failed to state a claim for strict products liability because he failed to allege that the respirators he used were in substantially the same condition at the time of their design, manufacture and/or distribution. To succeed on a claim for strict products liability, a plaintiff must prove that his injury resulted from a condition of the product, that the condition was an unreasonably dangerous one, and that the condition existed at the time the product left the manufacturer's control. *Sollami v. Eaton*, 772 N.E.2d 215, 219 (Ill. 2002). In Count II, Hargis alleges that 3M manufactured a respiratory protection product that he used during the course of his employment at the mine and that it was unreasonably dangerous because it "lacked adequate warnings," "[was] improperly tested for safety," and "failed to protect workers from particulate dust when being used in [its] intended manner." (Compl. Ct. 2, ¶6). He also alleges "the products were being employed in the manner and for the purposes for which they were intended and were in substantially the same condition as at the time of their design, manufacture and/or distribution." (Compl. Ct. 2, ¶5).

In the Court's view, Hargis's allegations are sufficient. He has alleged that the products were unreasonably dangerous when he used them and that, when he used them, they were in the same condition as when they were designed, manufactured and/or distributed. There is no meaningful difference between this allegation and a specific allegation stating, "the product was

unreasonably dangerous when it left the manufacturer."

  **B.**  **American Optical's Motion**

    i.  **Failure to State a Claim, Count I**

American Optical claims Count I fails because Hargis failed to plead the standard of care in the industry at the time it designed the product, how it deviated from that standard or how its products were defective. Like 3M, American Optical has done nothing more than cite to cases setting forth the prima facie case in a negligence claim for products liability. American Optical's arguments lack merit for the same reasons as 3M's. It has offered no specific support for its contention that Hargis should have included more information than he did. Hargis has specifically alleged that American Optical failed to warn about the dangers of its products, failed to test them properly and failed to design them properly. He has alleged that these failures proximately caused his illness. For the reasons set forth above, this is sufficient to state a claim under the federal rules.

    ii.  **Statute of Repose**

American Optical asserts that Hargis's strict products liability claim, to the extent it is based on any injury that occurred prior to September 22, 1998, must be dismissed. It bases this argument on the strict products liability statute of repose, 735 ILCS 5/13-213(d), which states, "in no event shall [a product liability action] be brought more than 8 years after the date on which such personal injury . . . occurred." American optical cites Illinois cases in support of the proposition that Hargis must come forward with affirmative evidence to show that his claim is not barred. As the Court noted above, this is not the rule in federal courts.

  While the statute of repose plainly bars claims based on injuries that occurred more than eight years before the filing of the complaint, there is no need to address this matter at this stage.

Nothing in the complaint compels the conclusion that Hargis's injuries occurred before 1998. If the evidence ends up supporting this conclusion, the matter may easily be resolved by summary judgment or through jury instructions.

### iii. Failure to State a Claim, Count II

American Optical claims Hargis has not stated a claim in Count II because he failed to plead sufficient facts regarding the allegedly defective product and failed to allege that the benefits of American Optical's design outweighed the risk of danger inherent in the design, that the alternative design would have prevented his injury and that the alternative design was feasible in terms of cost. *Blue v. Envtl. Eng'g, Inc.*, 828 N.E.2d 1128, (Ill. 2005).

Hargis has pleaded that the respiratory products he used, either designed, manufactured, marketed, promoted or distributed by American Optical, were unreasonably dangerous because they lacked adequate warnings, were improperly tested for safety, and failed to protect workers from particulate dust when being in their intended manner. He has alleged that he used the products for their ordinary purposes and that they were in substantially the same condition as at the time of their design, manufacture, and/or distribution. American Optical has offered no support for its contention that Hargis needed to be more specific than he was. The complaint gives American Optical fair notice of the claim and the grounds upon which it rests.

As Hargis notes, a large part of American Optical's argument rests on the faulty assumption that Hargis must proceed under the risk-utility test rather than the consumer expectation test when proving his claim. *See Mikolajczyk v. Ford Motor Co.*, 859 N.E.2d 201, 219 (Ill. App. Ct. 1st Dist. 2006). Even if this assertion were true, the risk-utility test, like the consumer expectation test, is an evidentiary standard – a standard that Hargis need not meet at the pleading stage. *See Kolupa*, 438 F.3d at 714-15. Without any further arguments from

American Optical, the Court cannot find that it has met its burden of demonstrating that the Court must dismiss this claim.

## CONCLUSION

Defendants' motions to dismiss (Docs. 4, 11) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 27, 2007.**

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**